# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **MICHAEL ISIAH LAWRENCE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:14CV00447 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **RANDALL C. MATHENA, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Michael Isiah Lawrence, Pro Se Plaintiff.*

Michael Isiah Lawrence, a Virginia inmate proceeding pro se, filed a pleading styled as a "Perpetual Res[t]raining Order," asserting that various Red Onion State Prison officials were threatening to retaliate against him and cover up a sexual assault he allegedly suffered on May 22, 2014. Liberally construing his submission, the court treated it as a civil rights action pursuant to 42 U.S.C. § 1983. Because Lawrence has not prepaid the requisite filing fee, I will assume for purposes of this opinion that he is seeking to proceed in forma pauperis. Upon review of the record, I find that the action must be summarily dismissed without prejudice based on Lawrence's many prior civil actions that have been dismissed.

The Prison Litigation Reform Act of 1995 substantially amended the in forma pauperis statute, 28 U.S.C. § 1915. The purpose of the Act was to require all prisoner litigants suing government entities or officials to pay filing fees in full,

either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim, unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

Lawrence has brought such actions or appeals on three or more prior occasions. *See, e.g., Chambers, v. Johnson*, No. 7:04-cv-00104 (W.D. Va. Mar. 5, 2004) (dismissed under §1915A(b)(1)); *Lawrence v. Young*, No. 7:02-cv-00825 (W.D. Va. Oct. 8, 2002) (dismissed under §1915A(b)(1)); *Lawrence v. Yates*, No. 7:02-cv-00469 (W.D. Va. June 11, 2002) (dismissed under §1915A(b)(1)); *Lawrence v. Johnson*, 7:04CV00120 (W.D. Va. Apr. 22, 2004) (civil action dismissed under § 1915(g)), *appeal dismissed*, No. 04-7126 (4th Cir. Oct. 15, 2004) (dismissed under § 1915(g)) (ECF No. 22). Accordingly, Lawrence may proceed in forma pauperis (without prepayment of the filing fee) only if he shows that he faces imminent danger of serious physical injury. § 1915(g).

In his current motion, Lawrence does not state any facts concerning the alleged sexual assault in May 2014, who committed it, or what harm he suffered. Lawrence merely alleges here that since the "assault," Red Onion officials have allowed Sgt. J. Messer, an alleged "accomplice," to work in the area of the prison

where Lawrence is housed.  Lawrence alleges that Messer has verbally threatened him,[1] that other officials have ignored grievances about the assault, which is under investigation, and that he is in danger of "further reprisals in retaliation for complaints made against the defendants."  (ECF No. 1.)  Lawrence's allegations about past misconduct and verbal threats and conclusory assertions about reprisals are simply not sufficient to show that he in imminent danger of future physical harm.[2]

Because the records reflect that Lawrence has at least three "strikes" under § 1915(g) and he has not demonstrated that he is in imminent danger of physical harm, I must deny him the opportunity to proceed in forma pauperis and dismiss the complaint without prejudice under § 1915(g).

A separate Final Order will be entered herewith.

DATED:   September 8, 2014

/s/  James P. Jones
United States District Judge

---

[1] In a grievance attached to Lawrence's motion, he claims that Sgt. Messer came to his cell door and said, "We gone get your ass boy!  This time we stuck finger in your ass, next time you suck dick boy!"  (ECF No. 1-2.)

[2] For the same reasons, Lawrence is not entitled to any form of interlocutory injunctive relief, based on these allegations.  *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (holding that interlocutory injunctive relief requires showing that plaintiff is likely to suffer irreparable harm in absence of requested relief).